# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO: 5:23-CR-4 |
| ) | |
| v. ) | |
| ) | |
| GONZALO MENDOZA-CARDENAS ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION FOR BRADY MATERIAL (DOC. 23)

COMES NOW, the United States of America, by and through Jill E. Steinberg, United States Attorney for the Southern District of Georgia, and hereby responds to Defendant Gonzalo Mendoza-Cardenas's Motion for Brady Material (Doc. 23) as follows. The government asks that this motion be GRANTED IN PART and DENIED IN PART, and states as follows:

### PROCEDURAL HISTORY AND BACKGROUND

On June 7, 2023, a grand jury sitting in the Southern District of Georgia returned a 1 count sealed indictment against the defendant Gonzalo Mendoza-Cardenas ("Defendant") alleging a violation of 8 U.S.C. § 1326, Re-entry After Removal or Deportation. Thereafter, the indictment was unsealed (Doc. 8), and Defendant made his initial appearance on September 29, 2023, during which time he entered a plea of not guilty. Doc. 14. Pursuant to the court's scheduling order (Doc. 19), Defendant filed his Motion for Brady Material (Doc. 23), to which the government makes its timely response herein.

# GOVERNMENT'S RESPONSE

The Government has provided and will continue to provide all materials of an exculpatory or arguably favorable nature, together with all information pertaining to its witnesses of an arguably impeaching nature, as they are received by the U.S. Attorney's Office. This will include "rap" sheets for the defendant and witnesses, plea agreements, promises of leniency, or grants of immunity to any witness, prior bad acts of witnesses to the extent they are known to the government, prior inconsistent statements, misidentifications, or the like. The Government recognizes its continuing duty to provide such materials as they become available.

The Government's intention to provide exculpatory, arguably favorable, or impeaching information on an immediate and continuing basis should not be construed so as to relieve each defendant of making particularized demands and showings of materiality and need for specifically identified items, for while the Government fully intends a good faith effort to identify and produce materials under its obligation as defined by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Agurs*, 427 U.S. 97 (1976), and their progeny, characterizations of particular items or information as falling within that obligation may differ, and a defendant may find exculpatory or impeaching use of an item of information in a manner not apparent to or anticipated by the Government. Likewise, nothing herein should be construed to relieve a defendant of the obligation to acquire on his own matters of public record, such as hearing transcripts, plea

agreements, judgment and commitment orders, indictments, etc. The government responds with particularity to each of the defendant's requests as follows:

1. Notes and Reports. The government has provided its entire case file to the defense, to include all such notes created by law enforcement officers, officials, and agents. The government asks that this request be GRANTED.

2. Alibi. The government has provided its entire case file to the defense. The government is not aware of any outstanding investigation into suspects other than the defendant. The government asks that this request be GRANTED.

3. Pretrial Identification. The government has provided its entire case file to the defense, to include all identification procedures. The government asks that this request be GRANTED.

4. Statements. The government has provided its entire case file to the defense, to include all pretrial statements. The government asks that this request be GRANTED.

5. Contact Information for Potential Witnesses. The government asks that this request be DENIED as overbroad and vague. The government has provided its entire case file to the defense. To the extent that the defense requests that the government identify any individual who "may have knowledge" of facts that "might be favorable", or any potential witness who "failed to provide inculpatory evidence," those requests are outside of the scope of the government's knowledge or case file, and the government cannot be responsible for providing them.

3

6. Inconsistent Statements. The government has provided its entire case file to the defense. To the government's knowledge, all prospective witness's former statements are contained therein. The government will comply with 18 U.S.C. § 3500 regarding the testimony of its witnesses at trial. The government asks that this request be GRANTED.

7. Criminal Records. The government asks that this request be DENIED as overbroad. The government will disclose any bad acts, convictions, or criminal charges against any prospective witness that it is aware. The government has already done so with regard to defendant. The government does not have access to any prospective witness's juvenile record and is under no obligation to obtain adult criminal histories for its other prospective witness. If the government becomes aware of any reason to believe *Brady* material may be found in a prospective witness's criminal history, it will supply the complete history to the defense.

8. Leniency. The government has provided its entire case file to the defense. The government has made no promises of leniency to any of its potential witnesses. If any witness obtains a promise of leniency or enters into a plea agreement with the government, the government will notify defendant in a timely manner. The government asks that this request be GRANTED.

9. Bias. The government has provided its entire casefile to the defense. Any information regarding the government's prospective witnesses relating to bias, hostility, if any, is contained therein. The government is aware its obligations under

*Giglio*. It has and will continue to comply. The government asks that this request be GRANTED.

**CONCLUSION**

The government asks that this motion be GRANTED IN PART and DENIED IN PART for the reasons stated above.

Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

***/s/ Darron J. Hubbard***

Darron J. Hubbard
Assistant United States Attorney
IL Bar No: 6313078

22 Barnard Street, Suite 300
Savannah, Georgia 31401
Telephone: (912) 652-4422

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 24th day of October, 2023.

> Respectfully submitted,
>
> JILL E. STEINBERG
> UNITED STATES ATTORNEY
>
> */s/ Darron J. Hubbard*
>
> Darron J. Hubbard
> Assistant United States Attorney
> IL Bar No: 6313078

22 Barnard Street, Suite 300
Savannah, Georgia 31401
Telephone: (912) 652-4422