UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) CASE NO. 5:23-CR-04<br>GONZALO MENDOZA-CARDENAS )<br>) | |

## PLEA AGREEMENT

Defendant Gonzalo Mendoza-Cardenas, represented by his counsel, Joseph L. Phelps, III, and the United States of America, represented by Assistant United States Attorney Darron J. Hubbard, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of Title 8 U.S.C. § 1326(a).

2. <u>Elements and Factual Basis</u>

The elements necessary to prove the offense charged in Count One are (1) Defendant was an alien at the time stated in the indictment; (2) Defendant had been removed or deported from the United States; (3) thereafter, Defendant was found to be voluntarily in the United States; and (4) Defendant did not have the consent of the Attorney General or Secretary of Homeland Security for the United States to apply for readmission to the United States.

Defendant agrees that he is, in fact, guilty of this offense. He agrees to the

1

accuracy of the following facts, which satisfy each of the offense's required elements: the defendant is a citizen and national of Mexico by birth. Defendant was ordered removed from the United States on or about January 15, 2019 by an Immigration Officer located at or near Atlanta, Georgia. He was subsequently removed from the United States on or about January 21, 2019, such removal occurring at or near Brownsville, Texas.

On or about February 2, 2023, Defendant was found in the United States, to which he had voluntarily returned. On that date, Blackshear Police Department conducted a traffic stop on Defendant, who was driving a 2004 Chevrolet Avalanche that had an expired registration. The stop occurred in Pierce County, in the Soutehrn District of Georgia. When stopped, Blackshear Police Officers also discovered that Defendant did not have a valid driver's license. A later records check of the defendant's immigration file revealed that he had never requested or received permission from the Attorney General or Secretary of Homeland Security for the United States to apply for readmission.

Therefore, the defendant admits and agrees that he was an alien at the time stated in the indictment, that he had formerly been removed from the United States, that he was thereafter found to be voluntarily in the United States, and that he did not have the consent of the Attorney General or Secretary of Homeland Security to apply for readmission to the United States.

3.  Possible Sentence

Defendant's guilty plea will subject him to the following possible sentence: 2 years' imprisonment, 1 year of supervised release, and a $250,000 fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally must impose a $100 special assessment per count of conviction.

4.  No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.  Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6. Agreements Regarding Sentencing Guidelines

   a. Use of Information

   Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

   b. Acceptance of Responsibility

   If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of the Defendant's intention to enter a guilty plea.

7. Financial Obligations and Agreements

   a. Special Assessment

   Defendant agrees to pay a special assessment payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

   b. Required Financial Disclosures

   Within 30 days of the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all Defendant's assets and financial interests, whether held directly or indirectly, solely or jointly, in Defendant's name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United

States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

c.  Financial Examination

Defendant will submit to an examination under oath on the issue of Defendant's financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

d.  No Transfer of Assets

Defendant certifies that Defendant has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon Defendant by the Court at sentencing. Defendant promises that Defendant will make no such transfers in the future.

e.  Material Change in Circumstances

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

f. <u>Enforcement</u>

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

8. <u>Waivers</u>

   a. <u>Waiver of Appeal</u>

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

   b. <u>Waiver of Collateral Attack</u>

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C.

§ 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

    c.    <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

9.    <u>Immigration Effects</u>

The Defendant admits that the Defendant was the subject of a previous order of removal, deportation or exclusion. The Defendant agrees to the reinstatement of that previous order of removal, deportation or exclusion. If this plea agreement is accepted by the Court, the Defendant agrees not to contest, either directly or by collateral attack, the reinstatement of the prior order of removal, deportation or exclusion.

Defendant specifically acknowledges and understands that he is removable from the United States pursuant to 8 U.S.C. § 1231(a)(5). Under this provision, Defendant's prior orders of removal will be reinstated from their original dates and thus are not subject to being reopened or reviewed. Defendant is not eligible and may not apply for any relief under the Immigration and Nationality Act, and Defendant shall be removed under the prior orders at any time after his illegal reentry.

10. Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

11. Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

12. Breach of Plea Agreement

If Defendant fails to plead guilty, withdraws or attempts to withdraw his guilty plea, commits any new criminal conduct following the execution of this agreement, or

otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

13. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

{Signatures on Following Page}

JILL E. STEINBERG
UNITED STATES ATTORNEY

10/10/2023
Date

_____
E. Greg Gilluly, Jr.
Deputy Chief, Criminal Division

10/10/2023
Date

_____
Darron J. Hubbard
Assistant United States Attorney
IL Bar No. 6313078

I have read and carefully reviewed this agreement with my attorney. My counsel has had this plea agreement translated to me in the Spanish language and I have no doubts as to the contents of the agreement. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

12-8-2023
Date

Gonzalo Mendoza-Cardenas
Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I have had the plea agreement translated and explained in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

12-8-2023
Date

Joseph L. Phelps, III
Defendant's Attorney